...

...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SAMSON PONCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. L-04-84 |
| | § | |
| JOE BORDEN and | § | |
| UNION PACIFIC RAILROAD CO., | § | |
| | § | |
| Defendants. | § | |

# O R D E R

Pending before the Court is Plaintiff's Second Amended Motion to Compel [Doc. No. 26], filed May 12, 2005.[1] Defendant Union Pacific filed a response on May 23, 2005. Plaintiff seeks to compel Defendant Union Pacific to respond to his Interrogatories numbered 4, 5, and 13, and Request for Production number 5.[2] Plaintiff's motion is GRANTED IN PART and DENIED IN PART as discussed below.

Plaintiff's Interrogatory number 4 asks Defendant Union Pacific to provide the name, address, and phone number of "all persons who have filed a claim of discrimination against Union Pacific with the EEOC or Texas Commission on Human Rights in the State of Texas in the past five years." Defendant Union Pacific objects that this request is overly broad in geography, scope, and subject matter, that it is unduly burdensome, and that it seeks information not relevant to Plaintiff's claims. Plaintiff asserts that this information is relevant to determine whether Union Pacific engaged

---

[1] Plaintiff filed his original motion to compel on April 20, 2005. Plaintiff then filed a First Amended motion to compel on April 28, 2005. These motions were supplanted by Plaintiff's Second Amended motion to compel, filed on May 12, 2005. Thus the Court addresses only this most recent motion.

[2] Although Plaintiff also mentions Interrogatory number 3 and Request for Production number 7 in his motion, Plaintiff does not argue for either of these items in the body of the motion.

in a pattern of retaliation against complaining employees and would support a claim for punitive damages.  Since Plaintiff does not claim that Defendant Union Pacific engaged in a pattern or practice of discrimination or retaliation[3], the information requested is overly broad and not relevant to Plaintiff's case.  This information is not relevant to show that Defendant Union Pacific retaliated against Plaintiff himself.

Plaintiff's Interrogatory number 5 asks Defendant Union Pacific to identify which, if any, of the individuals who filed claims of discrimination against Union Pacific were then promoted to management positions.  Defendant argues that this request is overly broad in geography, scope, and subject matter, that it is unduly burdensome, and that it seeks information that is not relevant.  For the same reasons as discussed above, this information is also not relevant to Plaintiff's stated claims, nor is it reasonably calculated to lead to the discovery of information relevant to Plaintiff's claims.

Plaintiff's Interrogatory number 13 seeks the salary range and benefit package for several Union Pacific positions located in Texas: Manager of Terminal Operations, Senior Manager of Terminal Operations, Director of Transportation, and Manager of Yard Operations.  Defendant objects that the request is overly broad in geography, scope, and subject matter, and that it is non-specific in time.  This information is relevant as evidence of Plaintiff's damages, and appropriately limited to the state of Texas.  However, the interrogatory does not specify a time period for the information sought.  Plaintiff was employed at the Bloomington, Texas station from 2002-03, therefore any salary range and benefit packages from this time period or later are relevant to Plaintiff's calculation of damages.

Plaintiff's Request for Production number 5 is a request for the personnel file of Reuben

---

[3] Plaintiff does not allege facts that would give rise to a pattern or practice theory of discrimination in his Amended Complaint [Doc. No. 3], nor in his Second Amended Complaint [Doc. No. 29, Exhibit A].

Alarcon, the employee who in fact received the promotion Plaintiff applied for. Defendant Union Pacific states in its response that it does not oppose the production of this file subject to the Agreed Protective Order that is now in place. [Doc. No. 13].

Therefore Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Request for Production number 5 and GRANTED for Interrogatory number 13, but only for the years 2002 and later. Plaintiff's motion is DENIED as to Interrogatories numbers 4 and 5.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 9th day of June, 2005.

_____
Adriana Arce-Flores
United States Magistrate Judge